*301
 
 Day, J.
 

 It is the position of the plaintiff in error that the Pataskala Banking Company’s claim should be paid out of the money realized from the sale of the real estate, as well as the money received from the sale of the chattel property, in the proportion that the amount available from each bears to the entire debt of the Pataskala Banking Company; the theory of the plaintiff in error being that the Pataskala Banking Company has two funds to which it may look for payment of its claim, and that, therefore, such funds should be subject to the payment of the banking company’s claim in such way as to inure to the best interests of Anna Langel, plaintiff in error, who has a lien in one fund only.
 

 This right to compel a marshaling of liens for the benefit of Anna Langel is contested by the general creditors, speaking through the assignee, as the application of the proceeds from the sale of the personal property to the claim of the banking company would prevent the general creditors from realizing any amount on their claims, it being the contention of the defendant in error that the doctrine of marshaling liens claimed by plaintiff in error should never be enforced, where the result will' prejudice the rights of third parties. In other words, the Pataskala Banking Company and Mrs. Langel are the first and second parties concerned with the two funds sought to be marshaled, but the general creditors are interested third parties.
 

 The interests of such third parties would be highly prejudiced if the rule contended for by plaintiff in error wére to prevail. Such principle is recognized by the following authorities:
 
 4
 
 Pomeroy’s
 
 *302
 
 Equity Jurisprudence (4th Ed.), Section 1414;
 
 Green
 
 v.
 
 Ramage,
 
 18 Ohio, 428, 51 Am. Dec. 458.
 

 We believe that this case comes within the exception to the general rule- of equity that, where one creditor has a lien upon two funds, and another a subsequent lien upon one of them only, the former will be compelled first to exhaust the subject of his exclusive lien, and that to enforce such rule would be inequitable to the rights of the general creditors; it appearing that they would be deprived of payment upon their claims.
 

 Our conclusion is that the courts below were right in regarding the balance of the claim due Mrs. Langel the same as that of any general creditor of the estate; she not having made any levy upon the personal property and having no lien thereon superior to the rights of the general creditors. Marshaling will not be applied to the detriment of a third person having an equal equity to that of the person seeking to invoke the rule. The judgment of the court below is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.