### In re LEVITON CONSTRUCTION COMPANY, Debtor.

**Bankruptcy No. 3–90–02371.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 9, 1991.

Paul D. Gilbert, Dayton, Ohio, for Trustee.

Edward H. Siddens, Bieser, Greer & Landis, of counsel, Dayton, Ohio, for First Nat. Bank of Dayton, N.A.

Ira Rubin, Dayton, Ohio, for debtor.

## AMENDED DECISION AND ORDER GRANTING MOTION FOR RELIEF FROM STAY

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court on the motion of First National Bank of Dayton to modify the automatic stay filed on July 25, 1990. Paul D. Gilbert, trustee herein, objects to the relief from the automatic stay. This contested matter was heard by Judge William A. Clark in the absence of Judge Thomas F. Waldron at the date of the hearing on the motion pursuant to 11 U.S.C. § 362(e) requiring such hearing within thirty days after the request for relief from stay.

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The following constitutes the court's findings pursuant to Bankruptcy Rule 7052.

The facts of the matter are undisputed that First National Bank granted a line of credit (loan) of $500,000 to Leviton Construction Company (debtor) as evidenced by a revolving note dated May 31, 1989 and agreement. The loan is secured by security agreements granting a security interest in debtor's assets, including accounts receivable and the proceeds thereof. The security agreement was perfected by filing with the Montgomery County Ohio Recorder and Ohio Secretary of State.

The debtor is the owner of a certain account at First National Bank which on the date of the petition and of the motion had a balance of $78,507. The funds in the account constitute proceeds of debtor's accounts receivable in which First National has a security interest. The loan documents reveal that Alan L. Rosenberg, a principal of the debtor corporation, individually guaranteed the line of credit for the corporation by an addendum to the revolving credit note dated April 30, 1990.

In reaching its determination the court considered the documents filed in the case, including the original motion, response of trustee, hearing brief of First National Bank of Dayton, trustee's brief and the reply brief of First National Bank and the oral arguments of counsel at the hearing on August 16, 1990. The bank desired modification of the automatic stay to permit the bank as a secured creditor, to apply the funds in the bank account to the outstanding loan presented by the revolving credit note as partial satisfaction thereof.

The trustee objected to such relief on the ground that the bank should be required to pursue its claim against the principal of the debtor, Alan L. Rosenberg, before proceeding against the assets of the debtor.

The trustee maintains that under equitable principles the bank should be required to pursue assets of the guarantor, Alan L. Rosenberg, rather than assets of the debtor which would disadvantage unsecured creditors of the debtor corporation. In the alternative, the trustee contends (1) that to the extent that the bank recovers from the debtor corporation's bank account the trustee should have a right of contribution against the assets of Alan L. Rosenberg, (2) be subrogated to the bank's claim against Alan L. Rosenberg, (3) that the court should apply the "marshaling" doctrine to this case because the trustee is a

secured creditor, as well as the bank, against the assets of the debtor corporation, or (4) that to allow the bank to reduce the obligation of Allen L. Rosenberg constitutes a preference to such insider principal of the debtor corporation.

The trustee's first issue based upon equitable principles raises the question of marshaling of the assets. The parties having engaged in their financing arrangement under Ohio law, Ohio law must govern.

The doctrine of marshaling is a familiar one in equity, growing out of the equitable principle that a party having two funds to satisfy his demands shall not, by his election, disappoint a party who has only one of the funds upon which to rely thus preventing him from exercising his right of recourse against the property or assets in question in an unreasonable manner or so as to satisfy his claim to the exclusion of such other claimants. *Homan v. Michles*, 118 Ohio App. 289, 194 N.E.2d 162 (1963).

Ohio law requires that to apply the doctrine of marshaling there are several requirements. One is that the parties must be creditors of the same debtor, that there are two funds to which creditors may resort which are derived from a common source or are in the hands of a common debtor. The last requirement is that compelling a party to resort to one of the funds rather than the other will not work an injustice to any party connected with the litigation, i.e. the application of marshaling will not work an injustice either to the common debtor or to other persons under circumstances where it would be inequitable to apply the principle. *Green v. Ramage*, 18 Ohio 428 (1849); *Langel v. Moore*, 119 Ohio St. 299, 164 N.E. 118 (1928). The court in *Homan, supra,* stated:

Cases throughout the United States seem to be in full accord that a junior creditor of a common debtor cannot, under the guise of the doctrine of marshaling assets, require a senior creditor, who is additionally secured by the common debtor's surety, to resort first to the surety's property before having recourse to the property of the principal debtor. (citation omitted) The surety has a prevailing equity enforceable by way of subrogation to the position of the paramount creditor and the doctrine of marshaling assets shall not be thus applied to the prejudice of the surety and his property taken before resort is made to the assets of the debtor primarily liable. (citation omitted)

In this case there is not a common debtor. The debtor corporation was the maker of the note and Alan L. Rosenberg is the guarantor, so that the application of the doctrine of marshaling is inappropriate. Under Ohio law and general corporation law, a shareholder is an entity separate and distinct from the corporation. In this case the source of recovery is from separate entities, either Leviton Construction Company or Alan L. Rosenberg.

The trustee has not attempted or proved that the debtor corporation is in some way the alter ego of the guarantor, under capitalized or that a type of misconduct occurred on the part of the individual, the debtor corporation, or the First National Bank.

The bank raises the doctrine of subrogation under general guaranty law and under Bankruptcy Code section 509 to demonstrate that even if the bank proceeds against Alan L. Rosenberg, the guarantor, payment upon the debt will result in subrogation rights to the guarantor. The effect of the subrogation rights to the guarantor will prevent unsecured creditors from benefiting from enforced collection of the bank's debt from Mr. Rosenberg.

The trustee contends that an avoidable preference will result if the bank proceeds against the asset of the debtor corporation because it will reduce the liability of the guarantor. See *In re C–L Cartage Co.*, 899 F.2d 1490 (6th Cir.1990). This concept is recent, novel and troublesome to the lending community. Whatever difficulty in lending practices the cited case may have caused the lending community, the principal of avoidable preference does not

apply in this case. The proposed action by First National Bank against the asset of the debtor corporation is a post petition transaction. An avoidable preference under 11 U.S.C. § 547 is effective against transfers made while the debtor was insolvent and (a) on or within ninety days *before* the date of the filing of the petition; or (b) between ninety days and one year *before* the date of the filing of the petition if such creditor at the time of said transfer was an insider. The transfer in this case is proposed by the bank after the petition is filed. The argument concerning avoidable preference is therefore inapplicable in this instance.

 The court therefore finds that the motion for modification of the stay to permit the bank to exercise its security rights in collateral of the debtor corporation is granted.

IT IS SO ORDERED.